UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M.E. SPEARMAN,<br><br>　　　　Respondent. | No. 2:13-cv-534-WBS-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the grounds that the petition is second or successive and is untimely. ECF No. 11. As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. Therefore, respondent's motion to dismiss must be granted.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

1

The petition in this case challenges the May 31, 1995 judgment of the Sacramento County Superior Court, which sentenced petitioner to an indeterminate state prison term of thirty years to life, consecutive to a determinate term of thirteen years. Petitioner was convicted of second degree murder by personal use of a firearm. In the same proceeding, petitioner entered a no contest plea to the charge of being a convicted felon in possession of a firearm and admitted to having previously been convicted of a felony of robbery in the state of Illinois. *See* ECF No. 1 at 10-11 (referring to May 11, 1994 information charging petitioner with second degree murder and convicted felon in possession of a firearm), Ex. G (Reporter's Transcript of change of plea proceedings in criminal case number 94F04063); ECF No. 15 ("Lodged Docs.") 1 (Abstract of Judgment for criminal case number 94F04063); Lodged Doc. 2 (Aug. 21, 1997 California Court of Appeal Order regarding appeal of criminal case number 94F04063, affirming conviction but remanding for trial court to determine whether to impose consecutive sentences).

In 1998, in *Williams v. Ayers*, 2:98-cv-01816-FCD-EFB (E.D. Cal.), petitioner filed a habeas petition challenging the same conviction and sentence. *See Williams*, ECF No. 72 at 1-5 (Feb. 10, 2005 F&Rs summarizing petitioner's conviction and sentence). On February 10, 2005, a magistrate judge issued findings and recommendations considering the claims on the merits and recommending that the petition be denied. *See id.* On August 8, 2005, the district judge adopted the findings and recommendations in full and denied the petition on the merits. *Id.*, ECF No. 87. Judgment was entered and the district judge declined to issue a certificate of appealability. *Id.*, ECF Nos. 88, 139. On March 20, 2012, the United States Court of Appeals for the Ninth Circuit also denied petitioner's request for a certificate of appealability. *Id.*, ECF No. 140.

Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted and that this action be dismissed for lack of jurisdiction as second or successive.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE